make a very brief comment about the nature of the case so the students will have some understanding of the background. This isn't a case in which Mr. Waits has appealed both his conviction and sentence. He had a conditional plea of guilty and the issues he raises on appeal relate to the denial of his motion to suppress evidence in connection with a motion that repeals various aspects of his sentencing. May it please the court, counsel and the students of the University of Washington. My name is Mike Diani. I'm here from Anchorage, Alaska to represent David Waits. I work at the Public I'd like to focus my comments on the sentencing issue, if that pleases the court. The background of course is that Mr. Waits was sentenced under the Armed Career Criminal Act requiring that he serve a sentence of 15 years to life. He was charged under a statute that had a sentencing range of zero to ten. He received this heightened sentencing range because the prior violent felonies on his record. Two of those three felonies of course were burglaries out of the state of Oregon. At the time of the proceedings before the district court, the law was pretty clear that in this circuit in a way that burglaries out of the state of Oregon qualified as generic burglaries. After the briefing and after the proceedings the law changed with Griselle, an en banc decision of this court, ruling that Oregon burglaries do not, whether dwelling or not, do not generically qualify. The backdrop of all that of course is the Supreme Court decision in Taylor. It's extremely important to remember what happened in Taylor when you look at the total picture, especially in light of the all kinds of legislative history from Congress and tried to decide whether in fact all burglaries as in 924E the word burglary appears. The question is whether all burglaries, however defined by the states, should count or should the court do something different. I think we understand the categorical analysis and that is to say if there's any part of the Oregon statute that the Oregon statute calls burglary that is not burglary under the federal statute, then we've got a problem and they have to show by some other means that in fact what he did was within the definition of generic burglary. Now I have a question for you though and that is Griselle was second degree burglary in Oregon. This is first degree burglary in Oregon. Are the definitions of building or dwelling or any other relevant definitions in Oregon law different, second degree compared to first degree burglary? No. The careful reading of the decision in Griselle's actually in a footnote considers the very specific question of whether it would make a difference if you defined it as a dwelling which is the difference between first and second degree and the court said no. It doesn't make a difference. The issue of course is what is a building and... Let me ask you about that. Sometimes we're a little bit loose in day to day talk about calling something a mobile home versus a mobile vehicle or a motor home and in the charge here, let's see the 1983, it's charged with a dwelling at the mobile village, number one. And it says the residence of John Haft. So I would appreciate if you could elaborate on your view of a motor home versus a mobile home and how that might fit into a residence or a structure. Or a building. Or a building. Well, the first thing I would say in response to that is to step back and ask the question, do we know from the indictment what type of building was there? And the answer is no. The word motor home was made up by the government and it's a responsive brief. It doesn't appear in the indictment. It's a building is what it says in the indictment. And yes, it calls it a dwelling, but as we know from Griselle, that doesn't get it done by itself. Now, this issue might become relevant for consideration if on remand, there's a free colloquy that describes the structure and then this whole thing could be different. But we don't know that yet. The government has a burden of proof and that should not be read to say motor home. I don't think we need to discuss whether, with all due respect, this is a motor home or not because we just don't know. I suggested in my briefing that somebody could pass through in a VW van that's just a regular vehicle. Are you saying there's nothing in the record in terms of documents we can examine under Shepard that would tell us whether this is a mobile home or a motor home? Right. There's nothing. The record contains... Excuse me, sir. Well, let me jump ahead then. So even though it says dwelling or residence in the record, you don't think that's sufficient? No, not at all. Under Griselle, that absolutely was decided. Sweden was reversed as well as Cunningham. Sweden was the first agreed... Let me jump ahead then. One of the things Griselle did not decide is whether or not a burglary under the Oregon statute would be a violent crime under the catch-all or the residual clause. And it seems to me under the Supreme Court case of James, this could well fit under the residual clause, right, as a crime that involves conduct that presents a serious potential risk of physical injury? Well, I wanted to address James briefly because I think it's very important to recognize that in James, the assumption based on the record in that case was that it was a fixed structure that was a dwelling. It's very clear from that opinion. And the issues were whether an attempt to burglarize a fixed dwelling, a fixed structure that was a dwelling, and keep in mind, in a footnote, they said we're not considering conveyances, which... The analysis of why it presented a serious risk of injury didn't depend on whether it was fixed or not, did it? It could apply just as well to a trailer. Don't you think? No, I don't see it that way. And I think that the reality is it's bad business for judges to be doing legislation. And the legislature created this 924E. They put burglary in there. The legislators discussed, should we do all burglaries, no matter how defined, or narrow it to a certain generic, if you will, burglary? And our courts interpreting the legislature, which is what we should be doing as judges, said not all burglaries, however defined, because frankly, one can speculate or imagine that any burglary of anybody's space could result in violence. I mean, theoretically. But that's not what Congress did. And that's what Taylor says. And so James, best interpreted, is limited to its interpretation of Florida law, which, and again, I think it's very clear that the court presumed it was a dwelling of a fixed structure, and they included curtilage because it was next to a fixed structure that was an enclosed space. But that's not what we're dealing with here with the Oregon statute. It's much broader than that. On the record that we have before us, it's much broader. And I do want to address the Shepard issue because it absolutely demands a remand. If nothing else, for the 1989 burglary, if you read the judgment, it makes no reference to any charging document. The government makes its argument on the basis of the charging document under the modified categorical approach. And if you read that judgment, it just says convicted of burglary. It doesn't reference the adjunct charge. You're talking about the 89 or 89? The 89 burglary does not reference the charging document. It's just vanilla language, convicted of burglary. Yes, there was a charging document admitted at the district court, but the net statement says this now, right? Knowingly enter and remain in a building to wit, a dwelling located at Apartment A, Huckleberry Inn, Government Camp. Doesn't that seem to describe a fixed building? Apartment A, Huckleberry Inn? No? But there's no proof that that's what happened. I see. You want the judgment of conviction in addition to the charging document? That's your issue? The law is very clear. The government can write what it wants in a charging document unless the defendant assented to that in the course of a guilty plea as the factual basis for the case. Or there were some other documents. There are sometimes other documents that could satisfy. And the judgment can sometimes... Well, look what it says. Not the charging document. No, but the defendant pled guilty to burglary. Right. As charged. I think you're referencing the 1983 case. The 1989 case is the one that it's a different judgment. Didn't he plead guilty? He didn't plead guilty to 89? He did plead guilty, but it doesn't reference a charging document. What else can he plead? What can he plead to besides what's charged? Did he plead guilty to murder? In a change of plea proceeding, the court could simply ask him the fundamental elements without addressing the facts of the case. So the fundamental elements of burglary would include... Now, what are you saying? ...ambulance in a building without... Wait a minute. What are you saying? If at the time of taking the plea, the court doesn't address each element of the crime separately, then those elements are not included in the plea? Is that your argument? The factual basis for the elements is separate from the elements themselves. And we don't know what facts were presented to Mr. Waits at that guilty plea. Well, isn't the question, do you need any facts when the indictment charges, you know, Apartment A of government of Huckleberry Inn, whether you need to, you know, have facts? We don't know if that's what he agreed to. That's just a document prepared by the government. We would need the plea colloquy to... When you say that is just a document, you mean the indictment? Right. But Shepard says we can take cognizance of the indictment, doesn't it? I respectfully disagree. I think Shepard and the cases I've cited... One thing that happened here... Why don't you just answer as to Shepard, your time has expired. There are numerous other cases in which the... I did a follow-up 20HA response. You may not have seen it yet. We've seen that, thank you. I've cited a number of cases where the court has made it very clear that the charging document alone, unless proven up by connection to a plea colloquy, or a plea agreement, or a judgment that specifically references that charging document, is not proof of any fact. Thank you. And so all you can conclude... Thank you. We'll give you a minute for rebuttal. Appreciate it. Thank you. Good morning, your honors. May it please the court, my name is Joanne Farrington. I'm representing the United States in this case. In light of the opening argument, unless the court has questions about the actual or apparent authority issue, I'll also focus my discussion on the question of whether Waits was properly convicted as an armed career. Would you mind starting at the end? 1989, because we just talked about that. And if you would address what, in your view, the indictment can be put to in conjunction with the judgment for purposes of determining precisely what he pled guilty to. I would like to quote, actually, from Shepard. And Shepard, at page 21, specifically points out that the details of a generically limiting charging document will do in any sort of case. Granted, you do have to have more than a charging document. You have to have a judgment as well that demonstrates that the defendant pled guilty to the charging document. Where's the language in Shepard? At page 21? Yeah. I've got it here, but what specific language are you asking? I was quoting that Shepard points out that a number of... No, what specific language are you relying on, on that page? When Shepard says that the details of instructions can support the conclusion that it's a generic burglary or the details... Help me. I want to read with you, so I need to find it. I've got, you know, the Lexis reprint or whatever it is. I've got page 21 starts after the word with and before the word such. That's right. Now orient me, please. The same paragraph. With such material in a pleaded case, a later court could generally tell whether the plea had necessarily rested on the fact identifying the burglary as generic. Just as the details of instructions could support that conclusion in the jury case, and then this is the language I'm emphasizing, or the details of a generically limited charging document would do in any sort of case. Here we have a generically limited charging document. Yeah, but what happens if you have a case where you have a charging document that's quite detailed, but then you have a plea colloquy in which the defendant says, I plead guilty to burglary under, and then he names the statute, and the district judge does not ask any questions at all about the facts. You say that's enough? If the charging document limits the facts of the charges to a generic burglary, and then the defendant pleads guilty to that document... No, not to that document. The defendant pleads guilty to that crime without referencing the charging document. I suppose that that's possible. Yeah, well then the question is, is that what happened here? You see, that's partly what your opponent's argument was. If you look at the judgment, it doesn't reference the indictment specifically in so many words, does it? Well, he says he's a judge to be convicted of the crime of burglary in the first degree. Which is what he's charged with. That's what the sentence... But it doesn't say, as charged in the indictment. That's true, but there has to be a charging document. Of course. And the charging document is what defines the offense with which the defendant is charged with, and when he pleads guilty, he pleads guilty to that document, unless... The charging document is basically the kickoff. Absolutely, and that's why you have to have the judgment as well. I agree entirely, a charging document standing alone is not sufficient. And people don't always plead to the specifics of the charging document. And that's true, it could be qualified. But absent any indication that it is qualified, I think that Stevens makes it clear that if you have a charging document that generically describes an offense, and then a plea of guilty and a judgment reflecting that the defendant has plead guilty to that offense, then that is sufficient. I simply don't agree with you. If he said, I plead guilty as charged, I'm with you. But if he says, I plead guilty to the crime and then names the statute, I think you're nowhere. I think you're stuck with the generic definition in that statute. But, Your Honor, I would refer you to the court's decision in U.S. v. Stevens, which I think expressly says that a charging document using language almost identical to the language here, in the sense of an individual being charged with burglary of a building to wit a dwelling located at, together with... It would be, in your view, it would be different, for instance, say, in this case, the charging document, the indictment charged first-degree burglary, and the plea was to a second-degree burglary, right? Then there's no match-up. That's right. But your position, your contention is that because the plea matches the charging document, under Shepard, we can depend on the description in the charging document. I think that's exactly what Shepard says. At least that's the way you read Shepard. That's right. And I think that, in theory, I suppose that that showing could be rebutted, but I believe that what the case law makes clear is that the government has met its burden of demonstrating that this was a generic burglary to which... Could you put my nose in the, not the charging document for the 89 burglary, but the judgment? Do you know what that is? I've been looking through my papers, and I couldn't put my hand on it. How about here? 190. It's the next page, 190. Right after the, I mean, after the charging document. I believe it's page 190, right following... Page 189 is the indictment. Is the indictment. And then you have the judgment on page 190. Yeah, so all it says is a judge guilty in burglary in the first degree. That's right. And I agree also it would be different if the indictment were simply charged burglary in the first degree. And the conviction merely showed a conviction of burglary in the first degree. Then the government would be required to come forth with some sort of plea colloquy or statement of facts or something like that. Let's go back to the 83, if you don't mind, because your time's running. What we have is a charging document, and we have a little more elaboration in the judgment. So we've got an order of restitution from the person, and then the address is listed. Now, first off, let me ask you, do you argue that there's any relevant distinction in the definition under Oregon law between first and second degree burglary? The only distinction is that in order to be first degree burglary, it has to be of a dwelling. But a dwelling can be of a motorized vehicle. So for relevant purposes. Yes, I think it's clear under Griselle that even first degree burglary of a dwelling. Now, the government doesn't necessarily agree with that conclusion, because I think that Sheppard, I'm sorry, U.S. v. James, there was an allegation that it was burglary of a dwelling in a state in which building was also defined broadly. The Supreme Court assumed that that was generic burglary without inquiring further. But given Griselle, on that point, you've got to go to sort of the catch-all or whatever. What I'm interested in here, though, is we know the address, and it's number one at the mobile village. That's right. And are you asking us to infer conclusively that that means it's a mobile home, mobile home meaning it's no longer mobile? Yes. Or what possibility is there that this was a motor home or, you know, a Winnebago or something else located at a pad that had that number in the mobile village? I mean, how do we know? We know that based on the same reasonable analysis that the court used in Stewart. Because the allegation is that it is a building to wit, a dwelling, located at a specific address. But let me do it in pieces. So building, dwelling, we know that that, under Oregon law, could mean a mobile home. Correct? So we're stuck with whatever. It could be a trailer. Yeah. So we're then stuck with whatever instance we can draw from the address. Well, the court's sensible conclusion is that given the descriptive nature of the phrase, that if it were not an ordinary dwelling, that the indictment would say a building to wit a recreational vehicle or a building to wit a trailer. But what if you live in your mobile home? Oh, that's – I believe that that would be within the definition. Or suppose you – And you think then it would be a dwelling? Then it would be a – yes, that would be a building or structure. But suppose you'd park your RV at, you know, pad number one and you live there. And what Stewart says is that if that were the case, given the descriptive nature of this indictment, that it is a building to wit a dwelling at a particular address, without any further explanation of the word of building, that that can be read to mean its ordinary meaning of building. Not necessarily, though, under the Oregon statute. That's true. And I agree that legally the charging document could have been referring to it, but that the court is free to read it in its ordinary meaning. It's interesting here because, referencing back to what Judge Fletcher mentioned, the sentencing order here is a plea to burglary in the first degree as charged in count one. So you specifically, in this case, it references back to the charging document. So we don't have that issue in this. That's true. In this particular count, correct? That's correct. And I would like to remind the court of my additional argument that, even if this were not generic burglary, it is still a generic crime of violence because it qualifies under the very straightforward analysis of James as under the otherwise. Under the catch-all clause. Under the catch-all clause. But, of course, if that's true, all this fancy analysis about whether it's a mobile home or a motorized vehicle, that just is entirely irrelevant. Unnecessary. Entirely irrelevant. So all those careful distinctions drawn in the law then make no difference whatsoever. And both James and Griselle expressly say we are not deciding that issue and we are certainly not foreclosing that. And I think that that's true, Your Honor, that if a statute is analogous to burglary in its generic sense and if the potential harm it poses is analogous to burglary in the generic sense, then it qualifies under the catch-all clause. Thank you. You may have a minute for rebuttal. Just a couple of quick thoughts. First, there's no burden of proof shifting that goes on in this process. The government bears the burden of proof in the beginning and the end. So we don't have the burden of proving that something different happened with reference to an indictment than what's written there. This Court has repeatedly stated over and over again in very recent case law, Ruiz-Vidal, Schnellenberger, and then older cases, Corona, Sanchez, and Bonat, that the charging document by itself, unless it's proven up by collateral proceedings, potentially the judgment, if it references it, is not enough. The catch-all, you've had a chance to deal with catch-all in Jennings recently and in other cases, and what you have said is that from the elements of that offense, there must be necessarily a risk of violence. It has to be necessary. So in this instance, knowing so little as you do about the nature of these structures, because they're not described in the charging documents with any kind of detail, this case has to be remanded back to Judge Sedgwick and let him take a look at it. Thank you. Thank both counsel for your arguments this morning. The case of United States v. Waits is submitted.
judges: Tashima, McKeown, Fletcher